UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN VARGASARELLANO,

    Plaintiff,

  v.

RENEE M. HESSLING, ESQ.,

    Defendant.

Case No. 16-cv-00919-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

## I. INTRODUCTION

Plaintiff, a state prisoner, has filed this *pro se* civil rights action under 42 U.S.C. § 1983. He will be granted leave to proceed *in forma pauperis* in a separate written Order. Plaintiff alleges that Defendant Renee M. Hessling, Esq., the attorney who represented him in his criminal proceedings in 2014, did not provide him with effective assistance of counsel. He seeks injunctive relief as well as monetary and punitive damages.

## II. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. DISCUSSION

Plaintiff seeks injunctive relief as well as monetary and punitive damages for alleged

inadequate representation by Defendant, who was his criminal defense attorney. Plaintiff's allegations do not state a claim upon which relief may be granted because he cannot pursue any claim for damages or injunctive relief under 42 U.S.C. § 1983 that, if successful, necessarily would call into question the validity of his conviction or confinement. *Heck v. Humphrey*, 512 U.S. 477 (1994), holds that in order to state a claim for relief for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of section 1983 must prove that the conviction or sentence has been reversed or declared invalid. *Id.* at 486-87. If success in the section 1983 lawsuit would necessarily demonstrate the invalidity of the confinement or its duration, the section 1983 lawsuit is barred, irrespective of whether the plaintiff seeks monetary damages or equitable relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

Here, Plaintiff's complaint seeks injunctive relief and damages from the attorney who allegedly failed to provide him with adequate representation in his criminal proceedings. Such claims, if successful, necessarily would call into question the validity of Plaintiff's conviction. Accordingly, the complaint is DISMISSED without leave to amend. *See Heck*, 512 U.S. at 487.

## IV. CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without leave to amend and without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of the Court shall terminate all remaining pending motions as moot, including Plaintiff's motion for appointment of counsel (dkt. 5), enter judgment, and close the file.

This Order terminates Docket No. 5.

IT IS SO ORDERED.

Dated: May 20, 2016

YVONNE GONZALEZ ROGERS
United States District Judge