UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN VARGASARELLANO,

    Plaintiff,

  v.

RENEE M. HESSLING, et al.,

    Defendants.

Case No. 16-cv-00919-YGR (PR)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff's Motion for Reconsideration. Dkt. 16. Specifically, Plaintiff moves for reconsideration of the Court's Order dismissing his action on May 20, 2016, presumably pursuant to either Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.

**I. BACKGROUND**

Plaintiff, a state prisoner, filed this *pro se* civil rights action under 42 U.S.C. § 1983. He alleged that Defendant Renee M. Hessling, Esq., the attorney who represented him in his criminal proceedings in 2014, did not provide him with effective assistance of counsel. He sought injunctive relief as well as monetary and punitive damages.

Pursuant to 28 U.S.C. § 1915A(a), the Court screened Plaintiff's complaint and dismissed it without prejudice and without leave to amend. The Court found that Plaintiff's allegations did not state a claim upon which relief may be granted because "he cannot pursue any claim for damages or injunctive relief under 42 U.S.C. § 1983 that, if successful, necessarily would call into question the validity of his conviction or confinement." Dkt. 14 at 2. The Court further added as follows:

> . . . *Heck v. Humphrey*, 512 U.S. 477 (1994), holds that in order to state a claim for relief for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of section 1983 must prove that the conviction or sentence has been reversed or declared invalid. *Id.* at 486-87. If success in the section 1983 lawsuit would necessarily

> demonstrate the invalidity of the confinement or its duration, the section 1983 lawsuit is barred, irrespective of whether the plaintiff seeks monetary damages or equitable relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).
>
> Here, Plaintiff's complaint seeks injunctive relief and damages from the attorney who allegedly failed to provide him with adequate representation in his criminal proceedings. Such claims, if successful, necessarily would call into question the validity of Plaintiff's conviction. Accordingly, the complaint is DISMISSED without leave to amend. *See Heck*, 512 U.S. at 487.

*Id.*

Plaintiff has now filed a motion seeking reconsideration of the Court's Order of Dismissal. Dkt. 16. In particular, Plaintiff claims that his "assertion that his constitutional rights were violated were not considered, but disregarded . . . ." *Id.* at 2. He requests that the Court reconsider its prior Order of Dismissal so that this "instant action may proceed" or to "allow Plaintiff to amend this [complaint] to meet the standards." *Id.* at 3.

## II. DISCUSSION

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. As of 2009, the Federal Appellate Rule 4's deadline to file a motion for reconsideration under either Rule 59(e) or Rule 60(b) is twenty-eight days. *See Classic Concepts, Inc. v. Linen Source, Inc.*, 716 F.3d 1282, 1285 (9th Cir. 2013). Plaintiff's present motion was filed within the twenty-eight day period, and it is therefore timely under both rules.

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See id.* at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable). Meanwhile, under Federal Rule of Civil Procedure 60(b), a party may seek relief from a judgment and to re-open his case in limited circumstances. The Rule

2

provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The decision of whether or not to grant relief under Rule 60(b) is matter of the district court's discretion. *See Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007).

Rule 60(b)(6) allows courts the discretion "to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) (citation omitted). Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations omitted).

Here, Plaintiff does not indicate under what provision of either Rule 59(e) or Rule 60(b) reconsideration is warranted. In any case, he presents no valid basis for reconsideration under either Rule 59(e) or Rule 60(b). As explained below, he alleges no new evidence that could not have been discovered with due diligence. While he makes certain conclusory arguments to this effect, he fails to show mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment. Finally, he does not provide any other reason justifying relief, such as extraordinary circumstances.

Instead, as briefly mentioned above, in a conclusory fashion, Plaintiff's four-page motion states that he seeks reconsideration on the grounds that the Court failed to consider his allegations that his constitutional rights were violated. Dkt. 16 at 2. As the Court noted, if Plaintiff's claims—that his attorney violated his right to counsel by failing to provide him with effective assistance of counsel—are proven true, this would imply the invalidity of his conviction. Thus, the basis of the Court's Order of Dismissal was that, as a collateral consequence of proving his claims in the complaint, the validity of the conviction would be called into question. As explained in the Court's May 20, 2016 Order, *Heck* requires the dismissal of such claims. Dkt. 14 at 2 (citing *Heck*, 512 U.S. at 487). Furthermore, it is clear the conviction has yet to be invalidated as Plaintiff has not alleged anything to the contrary. Until then, the claims are barred by *Heck*.

Plaintiff also seems to seek reconsideration by stating that he wishes to amend his complaint to indicate that Defendant "does in fact work/act under the color of state law" and was "entrusted with the capacity to perform up to the standards set forth by the State Bar of California, excluding malpractice and negligence, which is in fact the case before this Honorable Court." Dkt. 16 at 1-2. However, such an amendment is not warranted as defense attorneys, whether retained or appointed, such as Defendant, cannot be sued under Section 1983 because they do not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (public defenders); *Briley v. State of California*, 564 F.2d 849, 855 (9th Cir. 1977) (neither appointed nor retained defense attorneys act under color of state law).

Accordingly, the motion for reconsideration is DENIED. Dkt. 16.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's Motion for Reconsideration is DENIED. Dkt. 16.
2. This Order terminates Docket No. 16.

IT IS SO ORDERED.

Dated: February 17, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge